UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT BURGESS,

Plaintiff,

Case No. 2:26-cv-12951

v.

Honorable Susan K. DeClercq
United States District Judge

AUBURN HILLS, CITY OF, et al.,

Defendants.
_________________________________/

**OPINION AND ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2), SUMMARILY DISMISSING THE COMPLAINT (ECF No. 1), AND CLOSING THE CASE**

In this case, Plaintiff Vincent Burgess, proceeding *pro se*, sues 10 Defendants for numerous alleged violations of federal and state law concerning an altercation at an arena in April 2013. ECF No. 1. He also applied to proceed *in forma pauperis* ("IFP"). ECF No. 2. The application supports his claim of poverty, so it will be granted. But as explained below, his Complaint will be summarily dismissed under 28 U.S.C. § 1915(e)(2) because his suit is time-barred.

## I. BACKGROUND

Burgess alleges that in April 2013, he went to The Palace of Auburn Hills ("The Palace")—a multi-purpose arena—and was assaulted by an unidentified individual with the assistance of an usher. ECF No. 1 at PageID.3. Although the individual was removed from the premises by security personnel, Burgess alleges

that the Auburn Hills police failed to charge or arrest the individual and the usher despite Burgess "repeatedly submit[ing] formal administrative complaints to Palace management." *Id.* Burgess further alleges that the Palace's HR manager, Richard Roe, called Burgess, "displayed extreme hostility," and eventually called 911, "claiming [Burgess] had made threats." *Id.* Burgess adds that the usher continued to harass, intimidate, and stalk him. *Id.*

Burgess also mentions that an officer B. Hollenbeck and prosecutor "Scott" "caused false misdemeanor charges to be issued against" him, forcing Burgess to attend court, defend against the accusations, and post a $2,500 cash bond. *Id.* "All criminal charges were" later dismissed by the prosecutor in October 2013. *Id.* Burgess alleges, without elaboration, that the attorneys he retained to represent him during those proceedings "breached their fiduciary duties, engaged in unauthorized financial transactions, and failed to subpoena exculpatory video evidence or challenge procedural violations." *Id.* at PageID.4. Tacked onto the Complaint is an allegation against an individual, Lionel Tillman, who, Burgess claims, "engaged in continuous, intentional harassment, intimidation, and interference targeted at [Burgess] during court proceedings in Oakland County." *Id.* Burgess does not further explain who Tillman is.

On August 19, 2026, Burgess filed a complaint against the City of Auburn Hills, Officer Hollenbeck, Prosecutor Scott, The Palace, "Palace Sports &

Entertainment," Roe, Tillman, his two prior attorneys, the John Doe individual who assaulted him, and the usher. *See* ECF No. 1. Under 42 U.S.C. §§ 1983, 1985, and state law, Burgess alleges violations of due process, civil conspiracy, assault, battery, intentional infliction of emotional distress ("IIED"), legal malpractice, and breach of fiduciary duty. *See id.*

## II. LEGAL STANDARD

Because Burgess proceeds IFP, his claims must be reviewed under the standards set forth in 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) (recognizing that courts "must still screen" non-prisoner complaints under § 1915(e)(2)). Specifically, this Court must dismiss any claim that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Burgess also proceeds *pro se*, and so his pleadings are "held to less stringent standards than formal pleadings drafted by lawyers" and are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Even so, Burgess is not immune from compliance with the Civil Rules. His complaint must still set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), one that would "give the

defendant[s] fair notice" of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Further, his complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (holding that the Civil Rule 12(b)(6) standard also applies to dismissals under § 1915(e)(2)(B)(ii)).

## III. DISCUSSION

Burgess brings claims under state and federal law about an incident in April 2013. Under § 1915(e)(2), district courts may *sua sponte* dismiss a complaint when the claims are obviously time-barred. *See Day v. E.I. Du Pont de Nemours & Co.*, 165 F.3d 27, 27 (6th Cir. 1998) (Table) ("Where a particular claim is barred by the applicable statute of limitations, it does not present an arguable or rational basis in law or fact and therefore may be dismissed as frivolous under § 1915(e)(2)(B)."); *see also Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (collecting cases). Because all relevant statutes of limitations bar claims that are over 13 years old, this Court will dismiss Burgess's Complaint.

### A. § 1983 Federal Claims (Counts I–II)

Sections 1983 and 1985 do not contain their own statute of limitations, borrowing instead from the most analogous state laws governing personal injury actions. *Wallace v. Kato*, 549 U.S. 384, 387–88 (2007); *Nance v. Ward*, 597 U.S. 159,

174 (2022) ("[A]ll § 1983 suits must be brought within a State's statute of limitations for personal injury actions."); *Reguli v. Russ*, 109 F.4th 74, 879 (6th Cir. 2024) (per curiam); *Moore v. Potter*, 47 F. App'x 318, 320 (6th Cir. 2002) ("Sections 1981, 1983, and 1985 do not contain statutes of limitation. Therefore, for all §§ 1981, 1983, and 1985 actions, federal courts apply the state personal injury statute of limitations."). "Although state law determines the limitations period, federal standards govern when the statute begins to run." *Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686, 698 (6th Cir. 2022) (internal quotation marks and citations omitted). "The statutory period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 867 n.8 (6th Cir. 2020) (internal quotation marks and citation omitted).

Under Count I, Burgess lists three bases for his § 1983 Fourteenth Amendment due process claims: (1) malicious prosecution, (2) fabrication of evidence, and (3) bad-faith spoliation. ECF No. 1 at PageID.5. These bases are all construed as malicious prosecution claims.[1] *McDonough v. Smith*, 588 U.S. 109, 116 (2019)

---

[1] At best, spoliation of evidence in a criminal proceeding would fall under allegations of the broader category of malicious prosecution. *See Rodriguez v. City of Cleveland*, 439 F. App'x 433, 457 (6th Cir. 2011) ("A federal malicious prosecution claim encompasses wrongful investigation, prosecution, conviction, and incarceration.") (internal quotation marks and citations omitted). At worst, Burgess cannot bring a spoliation claim under § 1983 because Michigan does not recognize it as an independent cause of action. *See Teel v. Meredith*, 774 N.W.2d 527, 534 (Mich. App.

("McDonough analogizes his fabricated-evidence claim to the common-law tort of malicious prosecution . . . . McDonough is correct that malicious prosecution is the most analogous common-law tort here.") (citation modified); *Ansari v. Jimenez*, No. 2:20-cv-10719, 2022 WL 3599287, at *4 (E.D. Mich. Aug. 23, 2022) ("Fabricating evidence, however, is a Fourth Amendment malicious prosecution claim.") (citing *Mills v. Barnard*, 869 F.3d 473, 480 (6th Cir. 2017)).

Under Michigan's personal injury statute, a malicious prosecution claim must be brought within two years of the favorable termination of a criminal proceeding. MICH. COMP. LAWS § 600.5805(7); *See Brown v. Louisville-Jefferson Cnty. Metro Gov't*, 135 F.4th 1022, 1031 (6th Cir. 2025) (collecting cases). Burgess provides that the criminal proceedings ended in his favor in October 2013. ECF No. 1 at PageID.3. Given that he did not file his Complaint until August 2026, he is well past the limitations period. *See* MICH. COMP. LAWS § 600.5805(7). Therefore, this Court will dismiss Count I as obviously barred by the statute of limitations. *See Brand*, 526 F.3d 925.

As for Count II, Burgess alleges a "civil rights conspiracy" under § 1983 and § 1985. ECF No. 1 at PageID.4–5. The statute of limitations for civil conspiracy

---

2009) ("Absent an articulable, legally recognized duty, there can be no cause of action for the alleged tort of spoliation of evidence."); *see also Adkins v. Wolever*, 520 F.3d 585, 590 (6th Cir. 2008), *vacated on other grounds for reh'g en banc* 554 F.3d 650 (6th Cir. 2009).

claims is three years in Michigan. *Grain v. Trinity Health*, 431 F. App'x 434, 454 (6th Cir. 2011) (citing MICH. COMP. LAWS § 600.5805); *Krum v. Sheppard*, 255 F. Supp. 994, 998 (W.D. Mich. 1966), *aff'd* 407 F.2d 490 (6th Cir. 1967) (finding that § 1985 conspiracy claims are subject to a three-year statute of limitations under Michigan law). Burgess's Complaint alleges that his attorneys, The Palace, Roe, Officer Hollenbeck, and the usher conspired to deprive him of equal protection and due process rights by "fabricating emergency 911 calls, covering up employee assault, suppressing video evidence, neglecting reports of usher misconduct, and sabotaging legal defense representation." ECF No. 1 at PageID.4–5. Because Burgess presents that he was aware of these alleged injuries occurring between April and October 2013, these claims are clearly filed well beyond the three-year statute of limitations period and will be dismissed accordingly. *See Grain*, 431 F. App'x at 454; *see also Krum*, 255 F. Supp. at 998.

**B. State Claims (Counts III–V)**

In Count III, Burgess alleges that the suspect individual and usher assaulted and battered him, for which The Palace is vicariously liable. ECF No. 1 at PageID.5. Under Michigan law, the statute of limitations for assault or battery is two years. MICH. COMP. LAWS § 600.5805(3). Again, because the incident occurred in April 2013, Burgess's 2026 claims are barred. *See id.*

In Count IV, Burgess sues The Palace, Roe, the usher, and Tillman for IIED. ECF No. 1 at PageID.5. IIED is considered a general personal-injury tort subject to a three-year statute of limitations under Michigan law. MICH. COMP. LAWS § 600.5805(2); *see also Rice v. Kalmewicki*, No. 4:25-cv-11331, 2025 WL 4351526, at *9 (E.D. Mich. Dec. 9, 2025), *report and recommendation adopted*, 2026 WL 842008 (E.D. Mich. Mar. 26, 2026) ("[IIED] carries a statute of limitations of 3 years in Michigan, which is the general personal injury statute of limitations." (citing *Nelson v. Ho*, 564 N.W.2d 482, 484 (Mich. Ct. App. 1997))). Because more than three years have transpired since the time of the alleged injuries, this claim is also time-barred and will be dismissed. *See* MICH. COMP. LAWS § 600.5805(2).

Count V fares no better. Here, Burgess claims that his attorneys committed legal malpractice and breach of fiduciary duty "by engaging in unauthorized financial transactions, colluding with adverse interests, and failing to subpoena exculpatory evidence" in his criminal case. ECF No. 1 at PageID.6. The statute of limitations for bringing malpractice actions is two years. MICH. COMP. LAWS § 600.5805(8). Breach of fiduciary duty claims against an attorney can be subsumed by legal malpractice claims. *See Zell v. Klingelhafer*, 751 F. App'x 641, 645 n.1 (6th Cir. 2018). But when a breach claim is considered separate and distinct from a malpractice claim, the breach claim is subject to a three-year statute of limitations. *See Sunseri v. Proctor*, 487 F. Supp. 2d 905, 909 (E.D. Mich. 2007) ("Michigan's

statute of limitations governing breaches of fiduciary duties is three years."); *see also Sports Mgmt. Network v. Busch*, No. 17-10413, 2018 WL 1057314, at *7 (E.D. Mich. Mar. 6, 2019) ("Michigan has a two-year statute of limitations for legal malpractice, [and] a three-year statute of limitations for breach of fiduciary duty."). As Burgess presents his allegations, it is obvious that these claims are also barred by Michigan's statutes of limitations. *See* MICH. COMP. LAWS § 600.5805. Therefore, this Court will dismiss Count V. *See id.*

**C. Tolling**

Embedded in Burgess's Complaint is the following statement:

> At all times relevant to this action, and continuously since the occurrence of the underlying events, Plaintiff was and remains under a legal disability as defined by [MICH. COMP. LAWS §] 600.5851 due to severe mental, cognitive, and physical impairments existing at accrual. Pursuant to [MICH. COMP. LAWS §] 600.5851 and applicable federal equitable tolling principles, all governing statutes of limitations have been continuously tolled.

ECF No. 1 at PageID.4. Section 600.5851 provides that a person who is legally insane when a claim accrues "shall have 1 year after the disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run." MICH. COMP. LAWS § 600.5851(1). The plaintiff bears the burden of establishing entitlement to the application of this statute. *See Warren Consol. Schs. v. W.R. Grace & Co.*, 518 N.W.2d 508, 510 (1994) ("[W]here it appears that the cause of action is prima facie barred, the burden of proof is upon the party

seeking to enforce the cause of action to show facts taking the case out of the operation of the statute of limitations.").

Burgess has not met this burden. His statement is essentially a legal conclusion containing no factual support to show he was legally recognized as an individual with a disability "of infancy or insanity" in 2013 that was continuous through at least August 2025—one year before the grace period tolling would end. *See Est. of Taylor v. Paul B. Hall Reg'l Med. Ctr.*, 182 F.3d 918 (1999) (Table) (holding that "a complaint must contain more than bare assertions of legal conclusions" (citation modified)). Indeed, "[w]hatever the extent of [his] mental issues, they did not impair his ability to file a host of complaints with" The Palace, so "[n]othing about [his] mental impairments [appear to have] affected his ability to file a complaint with this Court in a timely fashion." *Lee v. Wayne Cnty.*, No. 11-10209, 2012 WL 380271, at *3 (E.D. Mich. Jan. 19, 2012), *report and recommendation adopted*, 2012 WL 380143 (E.D. Mich. Feb. 6, 2012) (finding that the plaintiff had not met his burden to establish that the statute of limitations should be tolled under MICH. COMP. LAWS § 600.5851).

And a broad gesture to "applicable federal tolling statutes" is insufficient. *See Est. of Taylor*, 182 F.3d at 918. It is Burgess's burden to show he is entitled to equitable tolling for his federal claims. *See Jackson v. United States*, 751 F.3d 712, 718–19 (6th Cir. 2014). Equitable tolling applies "when a litigant's failure to meet a

legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Zappone v. United States*, 870 F.3d 551, 556 (6th Cir. 2017) (quoting *Jackson*, 751 F.3d at 718). Burgess has supplied no facts showing that circumstances beyond his control prevented him from filing his Complaint on time. In fact, his Complaint shows to the contrary: that he was aware and capable of filing complaints, when he "repeatedly submitted formal administrative complaints to Palace management regarding the" incident. ECF No. 1 at PageID.3. Therefore, the statutes of limitations will not be tolled and all of Burgess's claims are barred by the relevant statutes of limitations. In sum, this Court will dismiss the claims—and, subsequently, the Complaint—with prejudice. *See McLittle v. O'Brien*, 974 F. Supp. 635, 638 (E.D. Mich. 1997) (dismissing *pro se* complaint with prejudice because the claims were time-barred); *Hart v. City of Canton*, No. 2:24-CV-13292, 2025 WL 3632697, at *4 (E.D. Mich. Dec. 15, 2025) (same).

## IV. CONCLUSION

Accordingly, it is **ORDERED** that:

1. Plaintiff's Application to Proceed Without Prepaying Fees, ECF No. 2, is **GRANTED**;

2. Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**;

3. Plaintiff is **DENIED** permission to appeal *in forma pauperis* because an appeal cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: November 9, 2026